## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **JASEN DONNELL GINS**<br>          **LA. DOC. #469895** | **CIVIL ACTION NO. 08-0626** |
| **VS.** | **SECTION P**<br>**JUDGE DOHERTY** |
| **SOUTH LOUISIANA CORRECTIONAL**<br>**CENTER, ET AL.** | **MAGISTRATE JUDGE METHVIN** |

## REPORT AND RECOMMENDATION

On or about May 2, 2008, *pro se* plaintiff Jasen Donnell Gins, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983.[1]  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is confined at the J.B. Evans Correctional Center, Newellton, Louisiana, however, when he filed his complaint he was incarcerated at the South Louisiana Correctional Center (SLCC), Basile, Louisiana.  He complains that he was wrongfully confined in the SLCC lock-down and denied outdoor recreation; he also complains of the unsanitary conditions of confinement in Lock Down Cell 7 (Weasel). He prays for an unspecified amount of damages for "negligence, cruel and unjust punishment, pain and suffering, health, mental deterioration ... and failure to allow me the opportunity for outdoor exercise..." He sues former SLCC Warden Gary Copes, Major Erliss Celestine, former Captain Christopher Crowder, Deputy Warden Michael Striedel, and Warden Drew Bergeron.

---

[1] Plaintiff filed his complaint in the United States District Court for the Eastern District of Louisiana on May 2, 2008; since all of the defendants reside in this district and since the cause of action arose in this district, the complaint was transferred to this court on May 8, 2008. [rec. doc. 5]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

### 1. Claim One – Lock Down Cell 7

Plaintiff alleges as follows: On October 4, 2007 plaintiff, an inmate in the custody of the LDOC, was transferred to the SLCC. Upon his arrival, he was escorted to Lock Down Cell 7 (Weasel) by Captain Crowder. Plaintiff asked why he was being confined in lock down. Crowder implied that he was being confined on Crowder's whim; an unnamed Corrections Officers advised plaintiff that he had received a disciplinary write-up. Plaintiff's objection was ignored.

Plaintiff was in Cell 7 for a few hours. Since he had previously played basketball, he was thirsty and attempted to access water in his cell. He discovered that the water had been disconnected. On the following day he discovered that the cell's toilet did not function. His complaints were ignored, so he requested a grievance form. He submitted the grievance to Warden Copes but received no reply.

Plaintiff then attempted to obtain the assistance of Major Erliss Celestine; however, Celestine advised that he could not help. Plaintiff then submitted a second grievance. He complained that there was "waste on the floor." Plaintiff remained in Cell 7 for about seven days.

*2. Claim Two – Lock Down and Recreation*

In February 2008, plaintiff was again confined in Lock Down for 10 days. When his 10-day sentence expired, he remained in Lock Down because there was no room for him in General Population. Plaintiff requested outdoor recreation, but the request was denied.

Plaintiff's request to speak to a captain were ignored or denied. Plaintiff requested protective custody as a ruse to enable him to meet with the captain within 72 hours. Plaintiff was instructed to write a grievance.

Plaintiff claims that he was confined in a 2-man cell housing 4 inmates. He claims the cell was hot. He complains that he was in lock down for over 30 days without any opportunity for outdoor recreation.

On or about May 1, 2008 plaintiff was transferred to his current place of confinement.

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff argues specific legal theories and provides a detailed recitation of the facts in support of his claim for relief. Plaintiff need not be afforded an opportunity for further amendment.

## 2. Confinement in Lock-Down

Plaintiff complains that he was wrongfully confined to Lock Down Cell 7 (Weasel) for one-week upon his arrival at SLCC on October 4, 2007. According to plaintiff, he was mistaken

for another inmate who was ordered confined to lock-down for disciplinary reasons. Plaintiff

also complains that in February 2008 he was committed to lock-down for disciplinary reasons for

a period of 10 days; however, he complains that he was required to remain in lock-down for an

additional period of 20 days because there was no room in General Population.

By virtue of a valid criminal conviction and subsequent legal confinement, a prisoner

loses his expectation of liberty. See *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49

L.Ed.2d 451 (1976). Nevertheless, plaintiff implies that his due process rights were violated

when prison officials placed him in administrative segregation for a period of seven days in

October 2007 and for a period of 20 days in February or March 2008.

This allegation, taken as true for the purposes of this report, fails to state a claim for

which relief might be granted pursuant to 42 U.S.C. §1983 because "[t]he Due Process Clause

does not protect every change in the conditions of confinement having a substantial adverse

impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418

(1995). The federal jurisprudence holds that while the states may under certain circumstances

create rights that implicate Due Process, such rights are limited to freedom from restraints that

impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life." *Sandin*, 515 U.S. at 484.

Thus, relying on *Sandin*, the Fifth Circuit has found that "'administrative segregation,

without more, simply does not constitute a deprivation of a constitutionally cognizable liberty

interest.' " *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d

192, 193 (5th Cir. 1995)) (rejecting claim that confinement in administrative segregation violated

prisoner's due process rights). The Fifth Circuit has also rejected a state prisoner's claim that the

additional restrictions imposed on those in administrative segregation violated his due process rights. See *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998) (per curiam)(absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.).

In other words, when a prisoner is lawfully incarcerated, he loses by virtue of his confinement many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere[ ] changes in the conditions of [ ] confinement ... do not implicate due process concerns." See *Madison*, 104 F.3d at 768; see also *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications."). Plaintiff's confinement in lock-down did not amount to an"atypical" hardship and therefore, insofar as he complains about that confinement, he fails to state a claim for which relief might be granted.

## 2. Conditions of Confinement

Plaintiff complains about conditions of confinement in lock-down. First, he complains that Cell 7 (Weasel) was unsanitary and provided no running water; next, he complains that his subsequent confinement lock down exposed him to a hot and overcrowded cell .

"The Constitution 'does not mandate comfortable prisons,' ... but neither does it permit inhumane ones...." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Prison officials must provide humane conditions of confinement, including adequate food, shelter, medical care, and reasonable safety. *Farmer*, 511 U.S. at 832 (citations omitted).

"A two-part test determines whether a prisoner has established a constitutional violation." *Harper v. Showers*, 174 F.3d 716, 719-20 (5th Cir.1999) (citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)). The prisoner must show: "first, that the deprivation alleged was sufficiently serious ...; and second, that the prison official possessed a sufficiently culpable state of mind." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir.2001). For the second element of a conditions of confinement claim, the Supreme Court has defined "culpable state of mind" to mean that the "official acted with deliberate indifference to inmate health or safety." *Id.* "It is ... fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Farmer*, 511 U.S. at 836. At this step, the prisoner must show that the "defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) ... actually drew an inference that such potential harm existed.'" *Herman*, 238 F.3d at 664 (quotation omitted).

With regard to the unsanitary conditions in Cell 7, plaintiff has alleged no physical harm resulting from his week-long exposure to these conditions. Further, to the extent that plaintiff might suggest a mental or emotional injury resulting from the unsanitary conditions, his claim is also subject to dismissal. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "'physical injury' required by § 1997e(e) 'must be more than *de minimus* [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)) (alteration in original). As shown above, plaintiff has alleged no

physical injury resulting from the unsanitary conditions of confinement in Cell 7, and thus has failed to state a claim for which relief may be granted. *Alexander v. Tippah County, Miss*., 351 F.3d 626 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004); *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001).

Plaintiff's complaint concerning his extended stay in lockown in February and March of 2008 fares no better. Plaintiff complains that his cell was hot and overcrowded, however, by his own admission, he spent no more than 30 days in such confinement. While the temperature in the lockdown cell might have been uncomfortable, that alone cannot support a finding that the plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment. *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). Further, being held in an overcrowded cell for a period of 30 days, while plainly not a comfortable or pleasant experience, was within constitutionally acceptable norms and did not rise to a level of unconstitutional prison overcrowding in violation of the Eighth Amendment. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989) (Constitution does not mandate prisons with comfortable surroundings and commodious conditions); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir.1982) (serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences").

### 3. *Outdoor Recreation*

Finally, plaintiff complains that he was denied outdoor recreation during his 30-day confinement in lock-down in February and March of 2008. The Fifth Circuit Court of Appeals has never specifically held that inmates enjoy an <u>absolute right of out-of-cell recreation or exercise</u>. *Green v. Ferrell*, 801 F.2d 765, 771-72 (5th Cir.1986) (The Fifth Circuit set aside the district court's judgment requiring a county jail to provide either outdoor exercise or an indoor

exercise facility.); *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.1982), *cert. denied*, 460 U.S.

1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983) (The deprivation of exercise is not *per se* violative

of the Eighth Amendment.); see also *Jones v. Diamond*, 594 F.2d 997, 1012-13 (5th Cir. 1979),

cited with approval in *Callicutt v. Panola County Jail*, 200 F3d 816 (5th Cir. 1999)

(unpublished).

Exercise is one of the "basic human needs" protected by the Eighth Amendment. See,

e.g., *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991) ("Some

conditions of confinement may establish an Eighth Amendment violation 'in combination' when

each would not do so alone, but only when they have a mutually enforcing effect that produces

the deprivation of a single, identifiable human need such as food, warmth, or exercise – for

example, a low cell temperature at night combined with a failure to issue blankets."; *Williams v.*

*Greifinger*, 97 F.3d 699, 704 (2nd Cir.1996) ("... some opportunity for exercise must be afforded

to prisoners."); *Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir.1994) (a long-term deprivation of

exercise is a denial of a basic human need in violation of the Eighth Amendment). Prisons should

provide regular exercise opportunities because "[i]nmates require regular exercise to maintain

reasonably good physical and psychological health." *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th

Cir.1982) (citing *Campbell v. Cauthron*, 623 F.2d 503, 506-07 (8th Cir.1980).

An extended deprivation of exercise opportunities may violate an inmate's Eighth

Amendment rights. *Green*, 801 F.2d at 771-72; *Ruiz*, 679 F.2d at 1152 (Factors, such as cell size,

the amount of time the inmate spends in his cell each day, and the overall duration of

confinement together with the inmate's physical and other needs must be considered in

determining whether an inmate is denied the opportunity for regular physical exercise); *Montana*

*v. Commissioners Court*, 659 F.2d 19, 22 (5th Cir. Unit A 1981);  *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir.1979).

Under the Eighth Amendment, prison officials must, at a minimum, provide an adequate opportunity for exercise – whether indoors or outdoors.  Claims such as that advanced herein by the plaintiff must be evaluated on a case-by-case basis.  In order to determine whether an inmate is being afforded an adequate opportunity to exercise, the court must generally consider a series of factors, including: (1) the size of the inmate's cell; (2) the amount of time the inmate spends locked in his cell each day, and (3) the overall duration of his confinement. *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir.1986), citing *Ruiz*, 679 F.2d at 1152 (footnotes omitted), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983).

Here, plaintiff complained that he was denied all recreation or exercise opportunities during his confinement in lock-down. According to plaintiff, the four-man cell to which he was confined was designed to house only two prisoners, therefore, there was no room available for in-cell exercise. Plaintiff has not alleged how many hours per day he was thus confined, however, he has alleged that the period during which he was deprived of exercise opportunities was of relatively short duration – 30 days.[2]

---

[2] Plaintiff alleged, "Since I've been here in [SLCC] I've been in lock-down for many of times. I've sent requests for access to outdoor exercise on many time. Warden Michael Striedel write me back and tells me I'm not entitle for recreation and exercise. In Feb. 2008 I was put in lock-down for 10 days after my 10 day I stayed on lock-down because they had no room for me in population. So I requested for recreation, I was then denied opportunities for recreation. So I started requesting to talk to a captain. I was denied of that as well. I requested to go on Protective Custody that was my way of talking to the Captain within 72 hours. The c/o tells me to write it down after 18 days of being on lock-down I was stressing ... so I started going crazy. I was in a 2 man cell with 4 inmates inside with me. My time was up from lock-down. I could talk to nobody... The Captain came and talked to me and ask me what's wrong and I stated Captain Smith this is the 3rd time that you'll left me on lock-down with no recreation ... I can't move around in the cell because of the people on the floor... So I was kept in lock-down for 12 more days without recreation. I was told that I got to have 30 days in lock-down without any write ups and 10-20 days is not enough time for us to provide or allow you the opportunities for out door exercise or recreation while on lock-down..." [rec. doc. 1, pp. 6-7]

Finally, as with his original conditions of confinement claim, plaintiff has alleged no injury resulting from this relatively short period of time that he was denied outdoor exercise opportunities.  Since he has alleged no injury resulting from this alleged deprivation of exercise, he has failed to state a claim for which relief may be granted. See  *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (extreme deprivations are required to show that conditions of confinement violate Eighth Amendment); *Callicutt v. Panola County Jail*, 200 F.3d 816 (5th Cir. 1999)(unpublished); *Jackson v. Herklotz*, 138 F.3d 952 (5th Cir. 1998)(unpublished).

Therefore,

**IT IS RECOMMENDED**  that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(b)(i) and (ii) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error.** *See,*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on September 9, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)